IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP ROWEN,

        Plaintiff,

  vs.                                                             CIVIL NO.   00-1676 BB/LFG-ACE

STATE OF NEW MEXICO CHILDREN,
YOUTH AND FAMILIES DEPARTMENT,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## REGARDING DEPOSITION OF PLAINTIFF

THIS MATTER is before the Court on a telephonic hearing concerning problems arising during the course of a deposition of Plaintiff, Phillip Rowen ("Rowen").  Present for the hearing were Lorenzo E. Tapia, counsel for Rowen, and Grace Phillips, counsel for Defendant.  Ms. Phillips raised two concerns:  first, that attorney Tapia made speaking objections during the course of the deposition; and, second, that Mr. Tapia instructed Rowen not to answer specific questions.

In response, Mr. Tapia concedes that he instructed Rowen not to answer, but states that the reason for his instruction was that the question called for the deponent to offer opinions rather than to state facts.  Mr. Tapia also explained that the examining attorney's question was vague and ambiguous, and, accordingly, Mr. Tapia objected and instructed the deponent not to answer.

### Speaking Objections

Ms. Phillips contends that Mr. Tapia's speaking objections served to coach the deponent, Rowen, and were improper.  The Court agrees.  The prohibition against speaking objections is

embodied in our federal rules.  In 1993, a new sentence was added to Rule 30(d) to make clear that speaking objections are improper.  The new sentence reads: "Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner."

The Advisory Committee Notes for this section set out the rationale for the change.

> The first sentence of new paragraph (1) provides that any objections during a deposition must be made concisely and in a non-argumentative and non-suggestive manner.  Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond.

Cases considering this new language confirm the very limited scope of objections that may properly be asserted.  "Under Rule 30(d)(1), `counsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.'" McDonough v. Keniston, 188 F.R.D. 22 (D.N.H. 1998).  In McDonough, the court concluded, "[s]peaking objections and coaching objections are simply not permitted in depositions in federal cases."  *See also* El-Yafi v. 360 East 72nd Owners Corp., 1995 WL 276140, at *1 (S.D. N.Y. 1995).

In light of the concerns raised in the telephonic hearing on this issue, it is well to remind the parties of the purpose of a deposition.  In Hall v. Clifton Precision, a Div. of Litton Systems, Inc., 150 F.R.D. 525, 528 (E.D. Pa. 1993), the court stated:

> The underlying purpose of a deposition is to find out what a witness saw, heard, or did--what the witness thinks.  A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness.  There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers.  The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record.  It is the witness--not the lawyer--who is the witness.  As an advocate,

> the lawyer is free to frame those facts in a manner favorable to the client, and also to make favorable and creative arguments of law. But the lawyer is not entitled to be creative with the facts. Rather, a lawyer must accept the facts as they develop.

*See also* Schwartzman, Inc. v. Atchison, Topeka & Santa Fe Ry. Co., D.N.M. No. Civ 93-0307, slip. op. (D.N.M. Mar. 8, 1994).

Thus, it is clear that speaking objections, which serve to coach a witness's testimony, are improper. When the deposition proceeds, counsel shall refrain from making speaking objections, and, instead, clearly but succinctly state the legal basis of the objection without coaching the witness or assisting the witness in formulating the responses.

## **Instruction to a Deponent Not to Answer**

Mr. Tapia concedes that he instructed Rowen not to answer, but offers justification for the instruction. The claimed justification is that the question called for impermissible opinion testimony, was vague, overly broad and not relevant.

In Resolution Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 1995), the Tenth Circuit adopted the approach taken in American Hangar Inc. v. Basic Line, Inc., 105 F.R.D. 173 (D. Mass. 1985), one of the most often cited cases dealing with this issue. In American Hangar, the court stated:

> There is no question but that the instructions not to answer were improper. Rule 30(c), Fed. R. Civ. P., provides in pertinent part: Evidence objected to *shall be taken* subject to objection. This rule means that, as a general rule, instructions not to answer are improper. The only exceptions are those canvassed in the recent case of International Union of Electrical, Radio & Machine Workers, AFL-CIO, et al. v. Westinghouse Electrical Corporation, 91 F.R.D. 277 (D.D.C. 1981) and deal with questions which seek information in the form of trade secrets and privileged information. Even in the case of questions of this type, it is the duty of the attorney instructing the witness not to answer to immediately seek a protective order. [Emphasis in original].

3

Id. at 174.

As noted, this is the approach adopted by the Tenth Circuit in Dabney. There, our circuit stated:

> Under the plain language of Fed. R. Civ. P. 30(d)(1), counsel may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to suspend a deposition in order to present a motion under Fed. R. Civ. P. 30(d)(3). It is inappropriate to instruct a witness not to answer a question on the basis of relevance.

Id. at 265.

In this case, there is no contention that examining counsel's question called for disclosure of privileged information; there is no contention that the Court previously limited the scope of the deposition and that the question called for evidence previously limited by the Court's order; and finally, there was no contention that Mr. Tapia instructed the witness not to answer so that he could seek a protective order. Indeed, the reasons advanced by Rowen's counsel for the instructions not to answer have all been rejected by this circuit. Dabney. The Court concludes that the instruction not to answer was improper.

### **Exclusion of Witnesses from Deposition**

Another matter raised during the course of the telephonic hearing concerned the presence of others at the deposition. Ms. Phillips had an individual present during Rowen's deposition. That individual will be a witness at trial. Mr. Tapia objected to the presence of the individual and now argues that the individual should have been excluded because he is a potential witness.

The Court recognizes that prior to the 1993 amendments to the Federal Rules of Civil Procedure, there existed a question of whether witnesses could be excluded from depositions. The

question generally arose on whether Rule 615 of the Federal Rules of Evidence was applicable to depositions. This is because some courts deemed depositions pretrial proceedings and not part of the trial, and other courts determined that the evidentiary rules applicable at trial were also applicable in pretrial proceedings. Fed. R. Civ. P. 30 Advisory Committee's Note to 1993 Amendments. Subdivision (c).

This dispute was laid to rest in 1993 when the Federal Rules of Civil Procedure were revised. Rule 30(c) states that at depositions, "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." [emphasis added].

The importance of this language change was made clear in Tuszkiewicz v. Allen Bradley Co., 170 F.R.D. 15, 16 (E.D. Wis. 1996). There, the court said:

> This specific exclusion for Rule 615, Federal Rules of Evidence is important to the case at hand, because that is the rule that provides that the court, upon a party's request, shall exclude witnesses from a trial so that they will not hear the testimony of other witnesses. Indeed, Rule 30(c) was amended in 1993 specifically to exclude Rule 615.

It is abundantly clear to the framers of the rules that the exclusion-of-witnesses Rule 615, was not applicable to depositions. Indeed, Rule 30 specifically exempts the applicability of the witness exclusion rule. Thus, unless the court has issued a protective order, the presence of others at a deposition, including other witnesses, is permitted.

The 1993 Advisory Committee Notes to Rule 30(c) indicate that the court can order exclusion of witnesses under Rule 26(c)(5) when appropriate. This procedure, however, is rarely utilized. In Visor v. Sprint/United Management Co., 1997 WL 567923 (D. Colo. Aug. 18, 1997), the court

commented on exclusion of witnesses under this section of Rule 26. The court stated:

> Sequestration is not available as a matter of right in pretrial depositions. Pursuant to Rule 26(c)(5), Fed. R. Civ. P., persons may be excluded from depositions only "when justice requires to protect [the deponent] from annoyance, embarrassment, oppression, or undue burden or expense" and only upon a showing of "good cause." BCI Communication v. Bell Atlanticom. Sys., 112 F.R.D. 154, 156-159 (N.D. Ala. 1986).

Clearly, there was not need to protect the deponent from annoyance, embarrassment, oppression or undue burden or expense. Rather, Mr. Tapia simply didn't want a potential witness to hear Rowen's testimony.

In this case, Mr. Tapia argues that the exclusion-of-witnesses rule applicable to trial proceedings should be equally applicable to depositions and that a party simply needs to "invoke the rule." This argument, however, has been rejected by courts:

> While courts have, on rare occasions, construed 26(c)(5) to allow for the exclusion of parties from pretrial depositions, they agree that exclusion should be ordered "rarely indeed" and, only upon a heightened showing of "exceptional" or "compelling" circumstances necessary to protect the deponent.

Visor v. Sprint/United *supra*, at *2

It is simply insufficient to make general allegations that one witness may not hear the testimony of another. Under Rule 26(c)(5), the party seeking a protective order has an affirmative obligation to demonstrate the exceptional circumstances noted in the Rule. Here, apart from a generalized concern that one witness may become aware of another witness's testimony, no specific showing has been made that exceptional or compelling circumstances exist. Galella v. Onassis, 487 F.2d 986, 997 n. 17 (2d Cir. 1973).

6

Prior to the deposition, Mr. Tapia made no effort to seek a protective order or attempt to demonstrate the existence of circumstances which might entitle him to an order excluding witnesses. Mr. Tapia argues that he had no opportunity to seek a protective order because Ms. Phillips did not disclose, prior to the deposition, that the witness would attend. Mr. Tapia concedes that he never asked Ms. Phillips who would attend, and he failed to offer any authority demonstrating that Ms. Phillips had any responsibility as a matter of law to make any such disclosure. Under the circumstances, and being governed by the plain language of Rule 30, Mr. Tapia's objections to the presence of someone other than the deponent at the deposition are unavailing.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge