IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


PHILLIP ROWEN,

      Plaintiff,

vs.                                                                                 CIV No. 00-1676 MV/LFG

STATE OF NEW MEXICO,
NEW MEXICO CHILDREN, YOUTH AND
FAMILIES DEPARTMENT,

      Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Opposed Motion to Amend Pretrial Order **[Doc. No. 61]**, Plaintiff's Opposed Motion for Leave to File Second Amended Complaint **[Doc. No. 44]**, and Defendant's Motion for Summary Judgment **[Doc. No. 40]**. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that Plaintiff's Opposed Motion to Amend Pretrial Order **[Doc. No. 61]** will be **GRANTED**, and Plaintiff's Opposed Motion for Leave to File Second Amended Complaint **[Doc. No. 44]** will be **DENIED**. Due to reasons set forth in this opinion, the Court will not rule on Defendant's Motion for Summary Judgment **[Doc. No. 40]** at this time.

BACKGROUND

On November 27, 2000, Plaintiff Philip Rowen filed a Complaint **[Doc. No. 1]** against Defendant State of New Mexico, New Mexico Children, Youth and Families Department ("CYFD"), alleging (1) unlawful race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and 1991, (2) breach of contract, (3) breach of implied covenant of good faith and fair dealing, and (4) wrongful termination with respect to his employment as Chief Juvenile Parole and Probation Officer with CYFD. Plaintiff subsequently filed a First Amended Complaint **[Doc. No. 24]**, which added Counts V–VII, alleging constitutional violations under the First Amendment and the Due Process and Equal Protection Clauses. This case was originally assigned to Judge Bruce Black, but was transferred to this Court on January 30, 2002 **[Doc. No. 59]**.

Defendant filed a Motion to Dismiss for Failure to State a Claim as to Counts V, VI, and VII **[Doc. No. 38]**, which the Court granted on September 18, 2002 **[Doc. No. 64]**. Defendant also filed a Motion for Summary Judgment **[Doc. No. 40]** as to Counts I, II, III and IV, which is currently ready for disposition. Plaintiff has moved the Court for leave to file a Second Amended Complaint **[Doc. No. 44]** and to Amend the Pretrial Order **[Doc. No. 61]**.

DISCUSSION

I. **Plaintiff's Motion to Amend Pretrial Order**

Plaintiff moves the Court to amend the Pretrial Order to correct possible errors in the purported dates of Plaintiff's employment with CYFD. However, although Plaintiff's Motion was characterized as "opposed," Defendant stated in its Response that it did not, in fact, oppose the

-2-

Motion and was never contacted by Plaintiff for its position on the issue. Because it is not opposed, the Court will grant the Motion. However, the Court notes its disapproval of this lack of communication between counsel and advises them to avoid wasting judicial resources in future motions before the Court.

## II. Plaintiff's Motion for Leave to File Second Amended Complaint

Plaintiff seeks leave to file a Second Amended Complaint in order to remove his Title VII claim in Count I of the First Amended Complaint, join three state officials for constitutional violations under color of state law, and clarify his pendant state law claim for retaliatory discharge. Defendant objects to Plaintiff's Motion as untimely, unduly prejudicial, and lacking the requisite showing of good cause.

Rule 15(a) of the Federal Rules of Civil Procedure provides that once a responsive pleading has been served, a "party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, if a court has imposed deadlines for amending the complaint pursuant to a Rule 16(b) scheduling order, a party may not modify the schedule "except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). While the Court has not found any controlling decision by the Tenth Circuit on this issue,[1] several other Courts of Appeals have explicitly held that a motion to amend a pleading,

---

[1] The Tenth Circuit has affirmed a lower court's denial of a motion to file a compulsory counterclaim due to the movant's failure to comply with the court's scheduling order without showing good cause pursuant to Rule 16(b). *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir. 1990). However, in that decision, the Tenth Circuit did not explicitly address the relationship between Rule 15(a) and Rule 16(b) with regard to a party's motion to amend a pleading.

filed after the deadlines imposed by a scheduling order, is governed by the "good cause" standard of Rule 16(b) rather than the more lenient Rule 15(a) standard. *See Bradford v. Dana Corp.,* 249 F.3d 807, 809 (8th Cir. 2001); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339–40 (2d Cir. 2000); *Rainy Lake One Stop, Inc. v. Marigold Foods, Inc. (In re Milk Prods. Antitrust Litig.),* 195 F.3d 430, 437–38 (8th Cir. 1999); *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998); *Riofrio Anda v. Ralston Purina, Co.,* 959 F.2d 1149, 1154–55 (1st Cir. 1992); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608 (9th Cir. 1992).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford,* 249 F.3d at 809 (citing *Johnson*, 975 F.2d at 609); *see also Parker*, 204 F.3d at 340. Thus, unlike Rule 15(a), "which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party," the Court may grant leave to modify the pretrial schedule and amend the complaint under Rule 16(b) only if the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citations omitted).

In this case, Defendant argues that Plaintiff filed his Motion after the deadlines imposed by Magistrate Judge Garcia and has not shown the requisite "good cause" to modify the scheduling order. The Court agrees with Defendant's contention and finds no good cause to modify the scheduling order or amend the First Amended Complaint.

On March 22, 2001, the Parties submitted a Provisional Discovery Plan **[Doc. No. 12]**, which provided that "Plaintiff should be allowed until June 1, 2001 to join additional parties and until June 1, 2001 to amend the pleadings." According to an affidavit submitted by defense counsel Grace Philips **[Doc. No. 48]**, Plaintiff stated his intention to amend the Complaint and add claims under 42 U.S.C. § 1983 during a Rule 16 Scheduling Conference on April 4, 2001, at which time Magistrate Judge Garcia advised Plaintiff's counsel that it would be necessary to name an individual defendant in order to pursue a Section 1983 claim. Plaintiff has at no time disputed the facts stated in Ms. Philips' affidavit.

In an Order dated April 4, 2001 **[Doc. No. 17]**, Magistrate Judge Garcia permitted Plaintiff to file an amended complaint within 15 days and approved the parties' Provisional Discovery Plan "insofar as the parties have agreed on numbers of interrogatories, requests for admission and numbers and length of depositions." Due to the language of the Order, it is unclear whether Magistrate Judge Garcia specifically adopted the deadline of June 1, 2001, for Plaintiff to join additional parties and amend the pleadings. Nevertheless, the Order explicitly sets forth the deadline of October 5, 2001, for all pretrial motions other than discovery motions.

Judge Black entered an Order Extending Time to File Amended Complaint **[Doc. No. 22]**, and Plaintiff filed a First Amended Complaint on April 23, 2001 **[Doc. No. 24]**. However, the First Amended Complaint failed to name individual defendants in its Section 1983 allegations, which became the basis for Defendant's Motion to Dismiss **[Doc. No. 38]**. Plaintiff eventually conceded the deficiencies in his Section 1983 claims, and the Court granted Defendant's Motion to Dismiss because it was no longer opposed **[Doc. No. 64]**. Plaintiff requested leave to file a Second Amended Complaint on November 19, 2001 **[Doc. No. 44]**.

It is clear from the record that the deadline to file a motion to amend was, at the latest, October 5, 2001. However, Plaintiff filed his Motion over 30 days after that date and has provided absolutely no reason for this delay. Rather, Plaintiff's Motion and supporting memorandum merely cites the liberal standard of amending a complaint pursuant to Rule 15(a) and proposes to drop his Title VII claim as a "gesture of good faith." Plaintiff has not made a single demonstration of his diligence in complying with the deadlines imposed by Magistrate Judge Garcia and does not explain his failure to name individual defendants in his Section 1983 claims even though he was previously advised to do so. Moreover, even after Defendant argued in its Response that the Motion is governed by Rule 16(b), not Rule 15(a), and that a showing of "good cause" was required, Plaintiff not only failed to provide the requisite showing of "good cause," but declined to submit a Reply altogether. Therefore, the Court has no choice but to deny Plaintiff's request to amend the First Amended Complaint.

**III.    Defendant's Motion for Summary Judgment**

    A.    Count I—Title VII Claim

Defendant moves the Court to enter summary judgment as a matter of law for Count I of the First Amended Complaint, which alleges unlawful race and gender discrimination in violation of Title VII of the Civil Rights Act, because (1) Plaintiff failed to submit a sworn oath regarding his allegations of discrimination pursuant to 42 U.S.C. § 2000e-5(b), (2) Plaintiff conceded that he was not subject to discrimination on the basis of race, and (3) assuming Plaintiff established a *prima facie* case for gender discrimination, he has not demonstrated that the legitimate, non-discriminatory reasons given by Defendant for the termination of Plaintiff's employment was a pretext for discrimination.

However, in Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff explicitly requests the Court to dismiss the Title VII claim without prejudice. Yet, as already explained, Plaintiff has not provided any "good cause" to modify the deadlines in Magistrate Judge Garcia's April 4, 2001 Order and, therefore, should not have the opportunity to revive the Title VII claim at a later time. Consequently, the Court can only dismiss Count I of the First Amended Complaint *with prejudice*. Because Plaintiff has clearly indicated his intention not to pursue this claim, the Court will give the parties an opportunity to enter a stipulation to dismiss Count I with prejudice. If Plaintiff refuses to stipulate to a dismissal of Count I with prejudice, Defendant may renew its Motion for Summary Judgment with regard to that count.

B.  Remaining Counts

Counts V, VI, and VII of the First Amended Complaint, which allege various constitutional violations, have been dismissed without objection from Plaintiff. As already noted, Plaintiff has indicated his intention not to pursue Count I of the First Amended Complaint, which alleges violations of Title VII of the Civil Rights Act. If the Court dismisses Count I with prejudice, it will no longer have federal question jurisdiction over this civil case. Moreover, diversity jurisdiction is not available to the parties. Because the disposition of Count I of the First Amended Complaint governs this Court's subject matter jurisdiction over this civil action, it declines to rule on the remaining claims at this juncture.

## CONCLUSION

Contrary to its title, Plaintiff's Opposed Motion to Amend Pretrial Order is *not* opposed and will, thus, be granted by the Court. Plaintiff has not, however, demonstrated diligence in meeting the requirements of Magistrate Judge Garcia's April 4, 2001 Order or "good cause" for not complying with its deadlines. Thus, the Court cannot grant leave to amend the First Amended Complaint. Finally, the Court will not rule on Defendant's Motion for Summary Judgment at this time due to uncertainties attendant to Plaintiff's purported intention not to litigate Count I of the First Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Amend Pretrial Order **[Doc. No. 61]** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion for Leave to File Second Amended Complaint **[Doc. No. 44]** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the parties will have fifteen days from the file date of this Memorandum Opinion and Order to enter a stipulation dismissing with prejudice Count I of the First Amended Complaint. If the parties fail to enter a stipulation within fifteen days, Defendant may renew its Motion for Summary Judgment.

Dated this 30th day of September, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney(s) for Plaintiff(s):
Gilbert J. Vigil, Esq.
Lorenzo E. Tapia, Jr., Esq.

<u>Attorney(s) for Defendant(s)</u>:
Angela Rosalina Pacheco, Esq.
Grace Philips, Esq.