## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PHILLIP ROWEN,

    Plaintiff,

vs.                                                                    Civ. No. 00-01676 MV/LFG

STATE OF NEW MEXICO, NEW MEXICO
CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Phillip Rowen=s Motion to Reopen State Claims Pursuant to Fed. R. Civ. P. Rule 60, filed May 27, 2004, **[Doc. No. 71]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that Plaintiff=s motion will be **DENIED**.

## FACTUAL BACKGROUND

On November 27, 2000, Plaintiff Phillip Rowen filed a complaint in the United States District Court for the District of New Mexico against Defendant State of New Mexico, Children, Youth, and Families Department, asserting race and gender discrimination claims under Title VII of the Civil Rights Act of 1964 and New Mexico common law. Jurisdiction in this Court was predicated on the federal question presented by Plaintiff=s Title VII claim. On October 15, 2002, the parties entered into a stipulation of dismissal of Plaintiff=s Title VII claim. As a result, the only counts remaining were Plaintiff=s supplemental state common law claims alleging breach of

contract, breach of implied covenant of good faith and fair dealing, and wrongful termination.[1]
On January 23, 2003, this Court declined to exercise supplemental jurisdiction over Plaintiff=s remaining state law claims and dismissed them without prejudice.

On March 24, 2003, Plaintiff filed a Complaint in the First Judicial District Court of New Mexico.  On February 23, 2004, Judge Carol J. Vigil dismissed Plaintiff=s contract claims as time-barred and Plaintiff=s tort claim for failure to comply with the notice requirement and limitations period of the New Mexico Tort Claims Act.  Plaintiff has appealed that decision to the New Mexico Court of Appeals.

Plaintiff now moves under Federal Rule of Civil Procedure 60 to have this Court reopen his state law claims so that he may file a claim in state court.[2]

## DISCUSSION

### I.  Federal Rule of Civil Procedure 60(b) Standard

Federal Rule of Civil Procedure 60(b) provides a means for parties to seek relief from a final judgment or order entered by the court.  Fed. R. Civ. P. 60(b).  Although district courts have "substantial discretion in connection with a Rule 60(b) motion," *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990), Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." *Amoco Oil Co. v. U.S. EPA*, 231 F.3d 694, 697 (10th Cir. 2000) citing (*Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437,

---

[1] In the interim, Plaintiff amended his complaint to assert various federal constitutional claims, but those claims were subsequently dismissed.

[2] It is unclear what relief Plaintiff seeks.  The Court assumes that Plaintiff seeks to have this Court litigate his state law claims, but Plaintiff asks the Court to Are-open his state law claims so that he can file a claim in state court.@  Plaintiff does not explain how the reopening of his state law claims in this Court would permit him to file a claim in state court.

1440 (10th Cir. 1990)).

Rule 60(b) contains six subclauses, which describe the bases upon which a party may obtain relief from a final judgment or order. The sole subclause that appears relevant here is (b)(6), which provides that "the court may relieve a party or a party=s legal representative from a final judgment, order, or proceeding for...(6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Relief may be granted under Rule 60(b)(6) only when it is necessary to accomplish justice. *See, e.g.*, *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993). "'[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.'" *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996), *quoting* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2864, at 359.

## II. Grounds for This Court to Reopen Plaintiff's Claims

District courts regularly decline to exercise jurisdiction over supplemental state law claims once the federal claims giving the district court original federal question jurisdiction have been dismissed. *See, e.g.*, *Jinks v. Richland County, S.C.*, 538 U.S. 456, 459 (2003) (recognizing that "some claims asserted under § 1367(a) will be dismissed because the district court declines to exercise jurisdiction over them and, if they are to be pursued, must be refiled in state court."). To prevent the relevant limitations period from expiring on a plaintiff=s state law claims while the plaintiff is pursuing them in federal court, 28 U.S.C. § 1367(d) tolls the limitations period on

3

supplemental claims:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d).

Plaintiff assumes that 28 U.S.C. §1367(d) does not apply to his claims because Defendant is a state agency. An entity that enjoys some form of Eleventh Amendment immunity may not be subjected to provisions of § 1367(d). The Supreme Court held in *Jinks*, which involved a suit against a municipality, that § 1367(d) does not represent a greater intrusion on "state sovereignty" than the undisputed power of Congress to override state-law immunity when subjecting a municipality to suit under a federal cause of action. *Jinks,* 538 U.S. at 466. The *Jinks* holding is based upon the fact that municipalities, unlike States, do not enjoy a constitutionally protected immunity from suit under the Eleventh Amendment. *Jinks* suggests, therefore, that § 1367(d) applies to those claims brought against an entity properly subjected to suit in federal court, but not to those claims from which the defendant is immune.

Plaintiff asserts that § 1367(d) does not apply to Defendant and that the Court should revert to the pre-§ 1367(d) procedure that was applied to supplemental state law claims over which a district court had declined to exercise jurisdiction. The only basis, however, to find that §1367(d) does not apply to Defendant is a conclusion that the Defendant, as a state agency, enjoys immunity from Plaintiff=s claims in federal court. This is the conclusion that Plaintiff=s counsel appears to draw: "because of Eleventh Amendment problems Plaintiff=s case against a state employer is not covered by the federal tolling statute." If the Eleventh Amendment gives

4

Defendant immunity from Plaintiff's claims in federal court, then the Court could not reopen or hear Plaintiff's claims.

There has not, however, been a judicial determination of whether § 1367(d) applies because it appears that Plaintiff failed to raise it in state court when Defendant challenged his claims as time-barred. The issue is certainly not appropriately first raised in this Court by a Rule 60(b) motion after the Court declined to exercise supplemental jurisdiction.

In addition, Section 1367 explicitly states that its thirty-day rule applies unless state law provides for a longer tolling period. In New Mexico, the tolling period for any claim dismissed for any reason other than negligence in prosecution is six months. NMSA 1978, ' 37-1-14 ("If, after commencement of an action, the plaintiff fails therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."). Plaintiff states that the New Mexico tolling statute does not apply to Plaintiff's action in this Court, but does not describe why it would not apply or why he did not raise it when the timeliness of his state court action was challenged.

Plaintiff appears to assert that the extraordinary circumstance justifying Rule 60(b)(6) relief is that Plaintiff has been completely precluded by the state court ruling from pursuing his state law claims. He is pursuing, however, another avenue of relief: the state court decision that his claims are time-barred is currently on appeal to the New Mexico Court of Appeals.

The Court finds therefore, that the extraordinary circumstances necessary to grant relief under Rule 60(b)(6) are not present. First, Plaintiff has not presented a persuasive argument that the Court should apply a pre-§1367 procedure that would allow the Court to reopen Plaintiff's

5

claims. Plaintiff=s argument succeeds only if Defendant is immune from suit in this Court, which would prevent the Court from reopening the case. Second, Plaintiff has not described why he could not have successfully argued that his claims were not time-barred under the New Mexico tolling statute. Third, Plaintiff may yet obtain relief from the New Mexico Court of Appeals.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Phillip Rowen=s Motion to Reopen State Claims Pursuant to Fed. R. Civ. P. Rule 60, filed May 27, 2004, **[Doc. No. 71]**, is **DENIED**.

Dated this 4th day of November, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE


Attorneys for Plaintiff:
    Gilbert J. Vigil, Esq.

Attorney for Defendant:
    Mark A. Basham, Esq.